United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GRCDallasHomes LLC | § | Case No. 19-41186 |
| 13220 Beach Club Road | § | |
| The Colony, TX 75056 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 11 |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT
OR DISMISS *WITH PREJUDICE*
PURSUANT TO 11 U.S.C. § 1112(b) AND §105
WITH WAIVER OF 30-DAY HEARING REQUIREMENT**

**PLEASE NOTE THAT THE COURT HAS SET THIS MOTION FOR HEARING:**

**HEARING: TUESDAY, MAY 24, 2022 at 1:30 P.M.**
U. S. Bankruptcy Court
660 N. Central Expressway, 3rd Floor
Plano, Texas 75074

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

William T. Neary, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned bankruptcy cases ("Cases") his Motion to Convert or Dismiss with Prejudice pursuant to 11 U.S.C. § 1112(b) and §105 ("Motion") and respectfully states in support thereof:

**Jurisdiction and Timeliness**

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code §1112(b) and §105.

## Background

2. On May 3, 2019 ("Petition Date"), the above-named Debtor ("Debtor") initiated this Case by filing a voluntary petition for relief under Chapter 11 of Title 11. On October 29, 2019, Debtor confirmed its Second Amended Plan of Reorganization ("Plan"). Docket #142.

3. The Plan appointed Chris Moser as the "Plan Agent".

4. In simplistic terms, GRC bought distressed houses ("Properties"), fixed up the houses and sold the houses for a profit.

5. Kazem Daneshmandi ("Kaz") is the owner of GRC and the decision maker for GRC. Under the Plan, Kaz is responsible for getting the Properties ready to sell, marketing the Properties and selling the Properties. Without the sale of the Properties, creditors cannot be paid.

6. At confirmation, all of the Properties vested back into the named Debtor. See, Plan at page 15, §4.02.

7. The concept of the Plan was that GRC (through Kaz) would liquidate the Properties, while appealing a large Judgment held by John Caldwell (the "Caldwell Judgment"). Caldwell is expected to receive approximately 43% of all allowed unsecured claims under the Plan.

8. The Plan Agent is to control the estate funds and assist in the orderly liquidation of the real property assets of the Debtor. See, Plan at page 16, §4.04. The Plan Agent does not have management authority over the disposition of the Properties. However, once any of the Properties is sold, the Plan Agent makes payments to creditors and makes payments for the costs of sale of the Properties.

9. To date, about 5 houses were fixed up and sold by Kaz. From the sale proceeds, the Plan Agent paid repair costs, Kaz and various professionals.

10. In addition, the Plan Agent has made an interim distribution of $250,000 to unsecured creditors on a pro-rata basis.

11. The Plan Agent has informed the U.S. Trustee that the remaining properties do not appear to be aggressively moving towards sale.

12. The Plan Agent has informed the U. S. Trustee of the following issues:

- Debtor is out of money. The Plan Agent has $0 in the bank.

- The Plan Agent has no funds to pay insurance. Thus, none of the houses are insured.

- The Plan Agent has no funds to pay property taxes. Thus, Debtor is delinquent on property taxes on all of its properties.

- The Plan Agent has no funds to pay UST Quarterly Fees for the 1st Quarter of 2022. These fees will be due on April 30, 2022.

- The Plan Agent has no funds to pay a mortgage owed to Statebride, a secured creditor with a lien on 1005 Shady Lane, Keller, Texas. This house appears to have some equity in today's market. Without paying the mortgage, there is danger of a foreclosure, which would prevent creditors from receiving a dividend had the house been sold.

- The last house sale was in March 2021.

- No house sales have occurred since the Texas Supreme Court confirmed the Caldwell Judgment.

- Based on these facts, when coupled with an extremely active seller's real estate market, it appears that Kaz may not be interested in selling any more of the Properties.

13. The Plan Agent advises the U. S. Trustee that Debtor still owns the following Properties which could be sold to pay for insurance, repairs, taxes, quarterly fees, and creditors:

   a. 1005 Shady Lane, Keller, Texas (mortgaged to Statebridge in the approximate amount of $180,000, but per Tarrant CAD worth $316,376);

   b. 2205 Oak Grove, Little Elm, Texas (mobile home and lot)- probably worth $25,000;

   c. 7629 Lakeview, The Colony, Texas – Denton County Tax value $123,000;

   d. 4369 Sunset Circle, The Colony, Texas – (mobile home and lot)- probably worth $25,000;

   e. 4430 Chapman, The Colony, Texas – Denton County Tax value $156,000; and

   f. 1/3 interest in 6900 Elliot, The Colony- Denton County tax value $258,000 but subject to mortgage of about $127,000.

14. Based upon the Plan Agent's evaluation, it appears that the remaining Properties could bring from $250,000 to $350,000 to the estate if they were being actively marketed.

15. The bankruptcy estate is being harmed by the lack of funds to pay insurance, taxes, quarterly fees and the lack of efforts to market the Properties.

16. Based upon Debtor's inability to timely pay quarterly fees, insurance, taxes and the failure to aggressively market and sell the Properties, it does not appear that Debtor is complying with the obligations set out under the Code or under the Plan of Reorganization.

17. On April 20, 2022, this Court entered and Order for Sanctions against Debtor (the "Sanctions Order"). (*See*, Docket #333).

18. By this Motion, the U.S. Trustee seeks conversion of the Case to Chapter 7. Alternatively, the U.S. Trustee seeks dismissal of the Case with prejudice. 11 U.S.C. §1112(b). 11 U.S.C. §105.

## Applicable Law and Argument

19. Section 1112 (b) provides,

> . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

20. Cause exists to convert or dismiss as Debtor is unable to timely pay quarterly fees. 11 U.S.C. §1112(b)(4)(K).

21. Cause exists to convert or dismiss as Debtor is unable to maintain appropriate insurance on the Properties and this poses a risk to the estate. 11 U.S.C. §1112(b)(4)(C).

22. Cause exists to convert or dismiss as Debtor is unable to timely pay taxes. This presents a continuing loss and diminution to the estate. Coupled with lack of cash to pay other expenses, this reflects an inability to complete the Plan. 11 U.S.C. §1112(b)(4)(A) and (I).

23. Cause exists to convert or dismiss as Kaz has failed to communicate with the Plan Agent as required under the Plan and has apparently stopped marketing the Properties after the Caldwell Judgment was confirmed. This is (1) an unreasonable delay to creditors, (2) a failure to

abide by the Order Confirming the Plan, (3) failure to perform fiduciary duties, (4) a lack of good faith, (5) gross mismanagement of the estate, and (6) a reflection that Debtor is not making efforts to complete the Plan. 11 U.S.C. §1112(b)(4)(A), (B), (E), (F) and (N).

24. Cause exists to convert or dismiss due to the Sanctions Order. See, Docket #333.

25. Based on the numerous issues listed, the lack of communication with the Plan Agent, the failure to timely market and sell the Properties, it appears that Debtor has acted in bad faith. The Case should be converted to Chapter 7. If dismissed, the Case should be dismissed with prejudice. 11 U.S.C. §105.

26. Under the facts of the Case, the Debtor does not appear able to effectively use Chapter 11 for the benefit of creditors, so the Case should be converted to Chapter 7, so that a Trustee can liquidate the Properties while the market is still good. Alternatively, the Case should be dismissed with prejudice. 11 U.S.C. §1112. 11 U.S.C §105.

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an order converting the Case to Chapter 7. Alternatively, the Court should dismiss the Case with prejudice. The United States Trustee requests other further appropriate relief.

Dated: April 25, 2022

Respectfully submitted,

William T. Neary
United States Trustee
Region 6

By:     */s/ John Vardeman*
John Vardeman
Trial Attorney, SBOT 20496260
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450; Fax (903) 590-1461

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than April 26, 2022.

/s/ John Vardeman
John Vardeman

**Debtor:**
GRCDallasHomes LLC
13220 Beach Club Road
The Colony, TX 75056

**Debtor's Attorney:**
Joyce W. Lindauer
12720 Hillcrest Road
Suite 625
Dallas, TX 75230

**Plan Agent**
Christopher J. Moser
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

**Notice of Appearance**
Carrollton-Farmers Branch ISD,
Arlington ISD, City of Highland Village
c/o EBONEY COBB
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
500 E. Border Street, Suite 640
Arlington, Texas 76010

Linebarger, Goggan Blair & Sampson, LLP
2777 N Stemmons Freeway
Suite 1000
Dallas, TX 75207

Nicoud Law
Robert M. Nicoud, Jr.
10440 N. Central Expressway
Suite 800
Dallas, Texas 75231

MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
c/o Tara LeDay, Attorneys for Denton County
P. O. Box 1269
Round Rock, TX 78680-1269

Kevin G Herd
Goodrich Postnikoff & Associates, LLP
801 Cherry St
Suite 1010, Unit 15
Ft Worth, TX 76102

Megan F. Clontz
Albertelli Law
2201 W. Royal Ln., Ste. 155
Irving, TX 75063

Robert Saldeen
2420 Morning Dew Dr
Little Elm, TX 75068

Statebridge Company LLC
Padgett Law Group
6267 Old Water Oak Road
Suite 203
Tallahassee, Florida 32312

Cheyenne Zokaie, Esq.
THE PADGETT LAW GROUP
5501 East LBJ Frwy., Suite 925
Dallas, TX 75240

Nicole Bartee
Lakia' S. McCline
Rachael A. Stokas
Brenda Likavec
Peter C. Bastianen
400 N. Sam Houston Pkwy E, Suite 900A
Houston, TX 77060

Ryan Rouz
Rouz Law, P.C.
1111 S. Akard St. #405
Dallas, TX 75215

**Matrix**
Attached