APPEARING PRO SE
Kazem Daneshmandi, o/b/o GRCDallasHomes, LLC
13220 Beach Club Rd.
The Colony, Texas 75056
Tel. 214-766-4259
e-mail: cancunkaz@hotmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: **GRCDALLAS HOMES, LLC** § | | Case No. 19-41186 |
| § | | |
| *Debtor* § | | Chapter 11 |

## DEBTOR'S OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS *WITH PREJUDICE* PURSUANT TO 11 U.S.C. § 1112(b) AND §105

TO THE HONORABLE U.S. BANKRUPTCY COURT JUDGE:

COMES NOW, GRCDALLASHOMES, LLC ("**Debtor**"), Debtor in the above-styled and numbered bankruptcy proceeding, and files this its *Response to United States Trustee's Motion to Convert or Dismiss with Prejudice Pursuant to 11 U.S.C. § 1112(B) and §105* (the "**Motion**") and in support thereof respectfully represents:

### I. BACKGROUND

1. As explained by the Trustee, Kazem Daneshmandi ("Kaz") is the owner of GRC. Under the Plan, Kaz is responsible for getting the Properties ready to sell, marketing the and Properties and selling the Properties. In addition to all the aforementioned duties, Kaz is responsible for day-to-day operations, such as:

    a. Checking on Properties;

    b. Maintaining the Properties;

    c. Dealing with the causes of action which were approved in the Plan; and

    d. Hiring contractors and overseeing the contractors;

2. The Trustee attempted to explain the "concept of the Plan" for GRC. However, GRC would add the "concept of the Plan" has nothing to do with the Caldwell judgment. In addition, the concept of the plan is to liquidate all properties and to maximize creditor payments within 5 years of confirmation which was October 29, 2019.

3. Covid-19 devastated the economy as of February, 2020. The government mandated shutdown stopped the economy in its tracks. Since Covid, the price of lumber and construction materials are at an all-time high. Availability of qualified labor is at an all time low, while the costs to obtain qualified labor are at an all-time high. As of February, 2022 the Covid 19 Pandemic has slowly come to an end.

4. Kaz has not been paid his salary, wages, and commissions for nearly one year.

5. GRC through this Court, obtained a TRO against Caldwell in June, 2021 due to Caldwell's continued interference with the Plan. This interference is not in the best interest of GRC's creditors.

6. To date, 50% of GRC's inventory has been fixed and sold. These sales have generated over $1.55 million for GRC.

7. In June, 2021, the Court determined that GRC was not in default of the Plan.

8. Unsecured creditors were paid $250,000 in June, 2021 as well as secured creditors have been paid off.

9. GRC's attorneys have not been paid since June, 2021.

10. GRC disagrees with the Plan Agent's' comment to the Trustee that "the remaining properties do not appear to be aggressively moving towards sale." This is untrue. GRC has been in constant communication with real estate agents and wholesalers in attempt to sell the remaining GRC assets.

11. GRC also disagrees with the Trustee's statement that Kaz has failed to "communicate with the Plan Agent as required under the Plan and has apparently stopped marketing the Properties after the Caldwell Judgment was confirmed." GRC has taken the following measures:

    a. On April 22, 2022, GRC filed a *Motion to Sell*. The basis of the motion comes from an offer GRC received from a prospective purchaser for the following properties: (1) 2505 Oak Grove Parkway, Little Elm, TX 75068 (the "**Oak Grove Property**"); and (2) 4369 Sunset Circle, The Colony, Texas 75056 (the "**Sunset Property**") and (3) 4430 Chapman St. The Colony, TX 75056 (the "**Chapman Property**") (the Oak Grove Property, the Sunset Property and the Chapman Property collectively referred to as the "**Properties**").

    b. On April 25, 2022, the U.S. Trustee filed its *Motion to Convert or Dismiss*.

    c. On April 27, 2022, the prospective purchaser rescinded his offer after discovering a title defect on the Sunset Property. Because the prospective purchaser rescinded the offer, GRC could not proceed with its *Motion to Sell*.

    d. Also, on April 27, 2022, GRC's Counsel, Gregory Mitchell, filed a *Motion to Withdraw*. GRC is in the process of retaining new counsel. GRC anticipates to retain new counsel by May 20, 2022.

    e. After the prospective purchaser terminated the contract on April 27, 2022, Kaz began marketing the Properties once again. Kaz has been in contact with multiple real estate agents who do not want to list the properties due to the unsafe condition the Properties are in. For this reason, Kaz contacted 6 wholesalers, 2 of which were referred to Kaz by Moser. Out of the six wholesalers Kaz contacted, only one submitted an offer. This offer was for the Oak Grove Property. GRC accepted the offer on May 14, 2022. The terms of the offer are as follows:

      i. Sales price of $31,000;

      ii. **NON-REFUNDABLE** earnest money of $10,000;

      iii. Closing date: May 25, 2022 or when title clears.

12. Causes of action were sold for $10,000. This is important because it stops GRC from spending more money on attorney fees.

13. The Plan Agent has erroneously informed the Trustee that the Debtor is out of money. On the contrary, Moser is holding $13,050.34 in reserve. GRC is holding $10,000 in non-refundable earnest money. GRC has $10,000 from the sale of the causes of action. The total GRC currently has is $33,050.34.

14. The Plan Agent failed to pay property taxes which were due January 31, 2021 in the amount of $1,097.70 to Denton County as well as $9,450.01 to Tarrant County. These property taxes should have been paid prior to the motion to disburse when the Plan Agent was in receipt of approximately $353,000 at the time of the hearing to disburse in June, 2021.

15. As shown above, GRC/Plan Agent have the funds to pay property taxes. The outstanding balance of all the property taxes are $23,515.57. Less the $13,050.34 being held by Plan Agent, the remaining balance of $10,465.23 will be paid prior to the hearing, by May 20, 2022.

16. GRC has funds to pay the Trustee's quarterly fee of approximately $260.00. This will be paid by May 18, 2022.

17. Insurance will be maintained by the hearing.

18. Despite GRC having limited funds, and without Kaz being paid, the Properties are being worked on to maximize the payments to the creditors, per the plan.

19. GRC respectfully disagrees with the Trustee's notion that Kaz is not interested in selling the Properties.

20. Plan Agent's evaluation says that the remaining properties will bring in $250,000 - $350,000 if the Properties were being actively marketed. GRC disagrees with the Plan Agent's evaluation, as GRC is doing best for all creditors, which is to maximize the sales proceeds of the properties. Once completed, Lakeview will bring in $320,000. And as of the sale of 2505 Oak Grove for $31,000, GRC will bring in a combined of $351,000 with additional properties left to sell, which hundreds of thousands of dollars left on the table. This course of action is clearly in the best interest of all creditors.

21. By taking the measures above, GRC has cured all the concerns put forth by the Trustee.

22. The Trustee's motion refers to the older Order for Sanctions. The Court issued an Amended Order for Sanctions on April 28, 2022. The Amended Order for Sanctions does not mention anything about conversion to Chapter 7.

23. No other creditor aside from Caldwell has pushed or argued for conversion to Chapter 7 or dismissal of this cause.

24. The next highest creditor's claim is only $94,000 less than Caldwell's claim.

## APPLICABLE LAW AND ARGUMENT

25. Trustee states:

"absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

26. GRC argues that the Covid-19 Pandemic is unusual circumstances.

27. GRC also argues that the Plan Agent has had money to cure defects.

28. Cause does not exist to convert or dismiss the debtor because Trustee's quarterly fees will be paid.

29. Cause does not exist to convert or dismiss the debtor because GRC will have each of its Properties insured.

30. Cause does not exist to convert or dismiss the debtor because GRC will pay all the property taxes.

31. Cause does not exist to convert or dismiss the debtor because Section 4.04 of the Plan does not explicitly state that Kaz needs to "communicate with the plan agent " for day-to-day operation or liquidation of GRC assets. GRC explicitly denies each and every allegation put forth in paragraph 23 of Trusstee's motion.

32. Cause does not exist to convert or dismiss the debtor because the Amended Order for Sanctions does not mention anything about conversion to Chapter 7.

33. GRC has not acted in bad faith. The case should not be dismissed or converted to Chapter 7. If the case is dismissed, the dismissal should not be with prejudice.

34. As explained in detail above, each of the causes put forth by the Trustee has been cured by GRC.

35. If this case is converted to Chapter 7 this will not be in the best interest of ALL creditors. It will be to the detriment of all creditors, the Trustee's fees will be approximately $100,000. The Trustee is not in the business of fixing homes to sell at their highest value. Creditors will be lucky to get ten cents on the dollar. If the Plan continues to move forward under Chapter 11, GRC anticipates creditors will receive roughly 40-50 cents on the dollar.

36.

## II. REQUEST FOR RELIEF

A. Deny Trustee's Motion to Convert or Dismiss

**WHEREFORE**, Debtor requests the Court enter an Order denying the conversion to Chapter 7 or dismissal of its case and for such other and further relief to which Debtor may show itself justly entitled.

**DATED this 16th day of May, 2022.**

Respectfully submitted,

**/s/ Kazem Daneshmandi**
Kazem Daneshmandi
13220 Beach Club Rd.
The Colony, Texas 75056
Tel. 214-766-4259
e-mail: cancunkaz@hotmail.com
PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on or before May 16, 2022, a true and correct copy of the foregoing will be served via ECF to all parties on the attached master mailing matrix.

/s/ **Kazem Daneshmandi**
Kazem Daneshmandi