Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **GRCDALLASHOMES LLC,** | § | **CASE NO. 19-41186-btr** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

## SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2019

GRCDALLASHOMES LLC (the "Debtor"), proposes the following Second Amended Plan of Reorganization ("Plan") Dated October 21, 2019, pursuant to Chapter 11 of the United States Bankruptcy Code on behalf of the Debtor. The Debtor is filing periodic financial reports with the Court, as required by the Code, covering the Debtor's profitability, projections of cash receipts and disbursements for a reasonable period and a comparison of actual cash receipts and disbursements with projections in prior reports. These reports shall be available on the Court's PACER site at www.txeb.uscourts.gov using the Debtor's name and/or case number as referenced above.

# TABLE OF CONTENTS

ARTICLE I - DEFINITIONS AND USE OF TERMS ................................................................. 3

ARTICLE II - GENERAL TERMS AND CONDITIONS.......................................................... 8

ARTICLE III - CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS...... 9

ARTICLE IV - MEANS OF EXECUTION AND IMPLEMENTATION................................... 15

ARTICLE V- EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................... 18

ARTICLE VI - ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIM ............. 19

ARTICLE VII - EFFECT OF CONFIRMATION........................................................................ 20

ARTICLE VIII - MISCELLANEOUS PROVISIONS................................................................ 21

ARTICLE IX - RETENTION OF JURISDICTION .................................................................. 23

# ARTICLE I
## DEFINITIONS AND USE OF TERMS

### A.     Scope of Definitions

For the purpose of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms used herein unless otherwise defined herein, shall have the meanings ascribed to them in this Article I of the Plan.  Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.  Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

### B.     Definitions

Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this Article I, Section B.

**1.01.   "Ad Valorem Tax"** shall mean the tax assessed by a state or local governmental unit secured by the Debtor's personal or real property pursuant to state and/or local law.

**1.02.   "Ad Valorem Tax Claim"** shall mean a Claim for an Ad Valorem Tax.

**1.03.   "Administrative Claim"** shall mean a claim for payment of an administrative expense of a kind specified in section 503(b) or 507(b) of the Bankruptcy Code and including those entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code, including, but not limited to, (i) the actual and necessary costs and expenses, incurred after the Petition Date to, and including, the Confirmation Date, of preserving the bankruptcy estate and operating of the Debtor's business, Professional Fee Administrative Claims, any borrowing by the Debtor pursuant to pursuant to section 364 of the Bankruptcy Code, regardless of priority, all fees and charges assessed against the estate under Chapter 11 of title 28, United States Code, and all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court.

**1.04.   "Allowed Administrative Claim"** shall mean an Administrative Claim as to which a timely request for payment has been made in accordance with Section 2.01 of the Plan (if such written request is required) or other Administrative Claim as to which the Debtor has not interposed a timely objection, or to which the Debtor has interposed a timely objection and such objection has been settled, waived through payment, withdrawn, otherwise satisfied in full, or denied by a Final Order of the Bankruptcy Court or another court of competent jurisdiction.

**1.05.   "Allowed Claim"** shall mean a Claim or any portion thereof in the amount and priority classification set forth in any proof of such Claim that has been timely filed, or in the absence of such proof, as set forth in the Debtor's Schedule of Liabilities, unless listed in the Debtor's Schedule of Liabilities as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only if a proof of such Claim has been timely filed; (i) as to which no objection to allowance or request for estimation has been interposed on or before the date provided for herein

or the expiration of such other applicable period of limitation as may be fixed by the Bankruptcy Code, Bankruptcy Rules or the Bankruptcy Court, (ii) as to which any objection to its allowance has been settled, waived through payment, withdrawn, otherwise satisfied in full, or denied by a Final Order of the Bankruptcy Court or another court of competent jurisdiction, or (iii) that is expressly allowed in a liquidated amount in the Plan.  An Allowed Claim shall not include any unmatured interest accruing after the Petition Date unless otherwise stated in the Plan.

1.06.    **"Allowed General Unsecured Claim"** shall mean an Allowed Claim (i) which is not entitled to priority under section 507(a) of the Bankruptcy Code, (ii) which is not secured by a validly perfected enforceable lien or interest as defined in sections 101(37), (50) and (51) of the Bankruptcy Code, or (iii) an Allowed Claim arising from the rejection of an unexpired lease or executory contract. An Allowed General Unsecured Claim shall not include any Allowed Interest.

1.07.    **"Allowed Interests"** shall mean any interest in the Debtor to the extent that such interest is listed in the Schedule of Liabilities or Statement of Financial Affairs of the Debtor on the Confirmation Date; provided however, that a timely filed Proof of Interest shall supersede any such listing and, in either case, an interest as to which no written objection to the allowance thereof has been interposed within the time period fixed by the Bankruptcy Code or by Final Order of the Court; or, if an objection has been interposed, to the extent allowed, in whole or in part, by Final Order of the Bankruptcy Court.

1.08.    **"Avoidance Actions"** shall mean the claims, rights of action, suits, or proceedings that the Debtor or its bankruptcy estate may hold against any Person, whether known or unknown, under Chapter 5 of the Bankruptcy Code.

1.09.    **"Bankruptcy Code" or "Code"** shall mean the United States Bankruptcy Code, Title 11 of the United States Code Section 101 et seq., as amended.

1.10.    **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, which has jurisdiction over the Bankruptcy Case.

1.11.    **"Bankruptcy Rules"** shall mean, collectively, the Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms, adopted by the Supreme Court of the United States, as now in effect or hereafter amended.

1.12.    **"Bar Date"** shall mean the date set by the Court.

1.13.    **"Bankruptcy Case" or "Case"** shall mean the case under Chapter 11 of the Bankruptcy Code, commenced by the Debtor, styled In re GRCDALLASHOMES LLC, Case Number 19-41186-btr, currently pending before the Bankruptcy Court, including any related adversary or other ancillary proceeding.

1.14.    **"Cash"** shall mean legal tender of the United States of America or any equivalents thereof.

1.15.    **"Claim"** shall mean a claim against the Debtor, whether or not asserted, as defined in section 101(5) of the Bankruptcy Code.

**1.16.** **"Claimant"** shall mean any person or entity having or asserting a Claim in the case.

**1.17.** **"Claim Objection Bar Date"** shall mean the date on or before which the Debtor shall have filed any and all objections to the allowance of Claims for distribution purposes. The Claim Objection Bar Date is thirty (30) days after the Effective Date of the Plan.

**1.18.** **"Collateral"** shall mean any property or interest in property of the Debtor's bankruptcy estate subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

**1.19.** **"Confirmation Date"** shall mean the date of entry of the Confirmation Order by the Clerk of the Bankruptcy Court.

**1.20.** **"Confirmation Hearing"** shall mean the hearing held before the Bankruptcy Court to consider confirmation of the Plan under section 1129 of the Bankruptcy Code.

**1.21.** **"Confirmation Order"** shall mean the Final Order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**1.22.** **"Contested"** when used with respect to a Claim, means a Claim against the Debtor (a) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (b) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (c) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

**1.23.** **"Creditor"** shall mean any Person who holds a Claim against the Debtor.

**1.24.** **"Debtor"** shall mean GRCDallasHomes, LLC in its capacity as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

**1.25.** **"Disclosure Statement"** shall mean the disclosure statement (including all exhibits and schedules thereto or referenced therein) relating to the Plan, as amended, supplemented, or modified from time to time, and that is prepared and distributed in accordance with sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rule 3018.

**1.26.** **"Disputed Claim"** shall mean any Claim or portion of a Claim not otherwise Allowed or paid pursuant to the Plan or Final Order of the Bankruptcy Court (i) which has been or hereafter is listed on the Schedule of Liabilities as unliquidated, contingent, or disputed, and which has not been resolved by written agreement of the parties or Final Order of the Bankruptcy Court, (ii) proof of which was required to be filed by Final Order of the Bankruptcy Court but as to which a proof of Claim was not timely or properly filed, (iii) that is disputed in accordance with the provisions of the Plan, (iv) which Claim is identified by the Debtor as being subject to section 502(d) of the Bankruptcy Code, or (v) as to which the Debtor or the Reorganized Debtor, as the case may be, have interposed a timely objection.

**1.27.** **"Effective Date"** shall mean the first business day which is at least thirty (30) days following entry of the Confirmation Order, unless a stay of the Confirmation Order is obtained, in which event the Effective Date shall be the first business day which is at least thirty (30) days following entry of a Final Order dissolving the stay.

**1.28.** **"Estate"** shall mean the estate created pursuant to Bankruptcy Code Section 541 with respect to the Debtor.

**1.29.** **"Executory Contract"** shall mean a contract to which the Debtor is a party which is subject to assumption or rejection under section 365 of the Bankruptcy Code.

**1.30.** **"Fee Claim"** shall mean a Claim under Bankruptcy Code Sections 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in the Debtor's Chapter 11 case.

**1.31.** **"Filed"** shall mean delivered to the Clerk of the Bankruptcy Court.

**1.32.** **"Final Order"** shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, the operation or effect of which has not been stayed or reversed, and as to which the time to appeal or seek review or rehearing has expired and to which no appeal or petition for review or rehearing was filed, or if filed, remains pending.

**1.33.** **"General Unsecured Claim"** shall mean a Claim which: (i) is not entitled to priority under section 507(a) of the Bankruptcy Code; (ii) is not secured by a validly perfected enforceable lien or interest under sections 101(37), (50) and (51) of the Bankruptcy Code; (iii) arises from the rejection of an unexpired lease or executory contract; or (iv) represents the unsecured portion of an Allowed Claim of a Creditor.

**1.34.** **"Impaired"** shall mean, when used with reference to a Claim or Interest, a Claim or Interest which is impaired within the meaning of section 1124 of the Bankruptcy Code and will not be receiving payment in full of its Claim or Interest pursuant to the Plan.

**1.35.** **"Lien"** shall mean a lien, security interest, mortgage, deed of trust, or other charge or encumbrance on or in any real or personal property owned by the Debtor and that may secure payment of a debt or performance of an obligation of the Debtor or a third party.

**1.36.** **"Person"** shall mean any individual, corporation, partnership, association, limited liability company, indenture trustee, organization, joint stock company, joint venture, estate, trust, governmental unit or any subdivision thereof, committee, and any other entity.

**1.37.** **"Petition Date"** shall mean May 3, 2019, the date upon which the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**1.38.** **"Plan"** shall mean this Chapter 11 plan of reorganization, and all exhibits annexed hereto or referenced herein, as the same may be amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the provisions contained herein, and shall include the Plan Supplement, if any.

**1.39.** **"Plan Agent**" shall mean Christopher J. Moser or, if Mr. Moser does not accepted, then a current or former Chapter 7 Panel Trustee in either the Northern or Eastern District of Texas shall be selected by Debtor within seven (7) days following Confirmation.

**1.40.** **"Pre-petition"** shall mean prior to the Petition Date.

**1.41.** **"Priority Tax Claim"** shall mean a Claim entitled to priority pursuant to Bankruptcy Code Section 507(a)(8).

**1.42.** **"Pro Rata"** shall mean the proportion that an Allowed Claim or Allowed Interest in a particular class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such class, including Disputed Claims, unless the Plan provides otherwise.

**1.43.** **"Professional"** shall mean any professional employed in the Bankruptcy Case pursuant to sections 327, 328, or 1103 of the Bankruptcy Code.

**1.44.** **"Professional Fee Claim"** shall mean a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred after the Petition Date and prior to and including the Confirmation Date.

**1.45.** **"Property of the Estate"** shall mean all property in which the Debtor holds a legal or an equitable interest, including all property described in Bankruptcy Code Section 541.

**1.46.** **"Rejection Claim"** shall mean a Claim arising from the rejection of an Executory Contract or Unexpired Lease by the Debtor or Reorganized Debtor.

**1.47.** **"Reorganized Debtor"** shall mean GRCDallasHomes, LLC on and after the Effective Date.

**1.48.** **"Schedule of Liabilities"** shall mean the schedule of assets and liabilities and the statement of financial affairs filed with the Bankruptcy Court by the Debtor, as such schedules or statements may be amended or supplements from time to time in accordance with Bankruptcy Rule 1009 or other order of the Bankruptcy Court.

**1.49.** **"Secured Claim"** shall mean a Claim that is secured by a Lien upon property, as provided for in a writing or by statute, of the bankruptcy estate, to the extent of the value, as of the Confirmation Date, of such Lien as determined by a Final Order of the Bankruptcy Court (i) pursuant to section 506 of the Bankruptcy Code, (ii) if applicable by section 1129(b) of the Bankruptcy Code, or (iii) as otherwise agreed upon in writing by the Debtor or Reorganized Debtor and the holder of such Claim.

**1.50.** **"Secured Creditor" or "Secured Claimant"** shall mean any Claimant holding a Secured Claim.

**1.51.** **"Taxing Authorities"** shall mean (i) Dallas County Tax Assessor; (ii) Denton County Tax Assessor; (iii) Tarrant County Tax Assessor; (iv) Carrollton-Farmers Branch ISD; (v) City of Highland Village; (vi) Arlington ISD; (vii) City of Carrollton; and (viii) Lewisville ISD.

**1.52.** **"Unexpired Lease"** shall mean, collectively, any unexpired lease or agreement relating to the Debtor's interest in real or personal property.

**1.53.** **"Unimpaired"** shall mean not Impaired.

**1.54.** **"Unsecured Claim"** shall mean any Claim against the Debtor which is not a Secured Claim, Ad Valorem Tax Claim, Administrative Claim, Professional Fee Claim, or Interest.

**1.55.** **"Unsecured Claimants" or "Unsecured Creditors"** shall mean any holder of an Unsecured Claim.

**1.56.** **"Voidable Transfer"** shall mean all transfers voidable under Sections 544, 545, 547, 548, 549 and/or 550 of the Code or any other state or federal transfer.

**1.57.** **Number and Gender of Words.** Whenever the singular number is used, it shall include the plural, and the plural shall include the singular, as appropriate to the context. Words of any gender shall include each other gender where appropriate.

**1.58.** **Terms Defined in the Bankruptcy Code.** Capitalized terms not specifically defined in section 1.01 of the Plan shall have the definitions given those terms, if applicable, in the Bankruptcy Code.

**1.59.** **Headings.** The headings and captions used in this Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

**1.60.** **Time Computation.** In computing any period of time prescribed herein, the provisions of Federal Rule of Bankruptcy Procedure Rule 9006(a) shall apply.

## ARTICLE II
## GENERAL TERMS AND CONDITIONS

**2.01.** **Treatment of Claims.** This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a). However, only Allowed Claims will receive treatment afforded by the Plan. The Plan is designed to ensure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to Chapter 7 of the Bankruptcy Code.

**2.02.** **Time for Filing Claims.** The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

Each Person asserting an Administrative Expense that is a Fee Claim incurred before the

Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtor's counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

A person who is found to have received a Voidable Transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

**2.03.** **Modification to the Plan.** In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtor, or corrected prior to the Confirmation Date, provided that notice and an opportunity for hearing have been given to any affected party. The Plan may be modified at any time after Confirmation and before the Effective Date, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, the circumstances warrant such modification and Debtor consents thereto in writing.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.** **Classification and Treatment Claims and Interests**

All Claims and Interests, except Administrative Claims, Professional Fee Administrative Claims, and Priority Unsecured Tax Claims are placed in the Classes set forth below, in accordance with section 1123(a)(1) of the Bankruptcy Code.

**3.01.** **Administrative Claims.** Each holder of an Administrative Claim other than Professional Fee Administrative Claims shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which the Debtor and such holder shall have agreed upon in writing; *provided, however*, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto. On or before the Effective Date, the Debtor shall pay or have paid in full all Allowed Administrative Claims for fees payable pursuant to 28 U.S.C. §1930. All fees payable pursuant to 28 U.S.C. §1930 after the Effective Date shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion. Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law. Nothing herein shall require Dallas County to file an administrative expense claim or request for payment.

**3.02.** **Professional Fee Administrative Claims.** All persons that are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on or as soon as reasonably practicable following the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**3.03.** **Treatment of Allowed Administrative Expenses.** Allowed Administrative Expenses will be paid in full once Allowed, on or before the Effective Date, or at a later date as set by the Court if the allowance process extends beyond the Effective Date. Provided, however, that the holder of an Allowed Administrative Expense may agree to a different treatment.

**3.04.** **Treatment of Allowed Priority Tax Claims.** Allowed Priority Tax Claims will be paid by the Reorganized Debtor, once Allowed, over five (5) years with interest on such amounts at the rate of 12% per annum until paid in full. The payments shall be made in equal monthly payments on the first day of the month following the Petition Date and shall continue on the first day of each month thereafter until paid in full.

**3.05.** **Title 28 U.S.C. Section 1930 Fees.** Debtor shall pay all fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Debtor is otherwise released from such obligations by the Court.

**3.06.** **Class 1 / Allowed Secured Ad Valorem Tax Claims of Taxing Authorities**. Class 1 shall consist of the Allowed Secured Ad Valorem Tax Claim of the Taxing Authorities on the Debtor's real property which accrued on or prior to May 3, 2019 (the "**Class 1 Claims**").

    a.    <u>Impairment and Voting</u>. Class 1 Claims are impaired by the Plan. The holders of Class 1 Claims are entitled to vote to accept or reject the Plan.

    b.    <u>Treatment</u>. The holders of Class 1 Claims shall be paid in full in equal monthly installments over a term of months calculated to pay all amounts owed in full no later than the fifth anniversary of the Petition Date, except for year 2019 ad valorem property taxes which shall be paid in full on or before the state law delinquency date. Payments shall commence on the first business day that is fourteen days (14) following the Confirmation Date. These creditors shall retain their liens to secure their claims until paid in full under this Plan. The Class 1 Claims shall be paid interest from the Petition Date at the rate of 1% per month from the Petition Date through the Effective Date of the Plan and 12% per annum following the Effective Date until paid in full. In the event that the Debtor disputes such claim, the payments will be applied to the undisputed amount of the claim as ultimately allowed. While resolution of any such objection is pending, payments pursuant to the Plan shall be applied to the undisputed portion of the claim as ultimately allowed. Such default must be cured by the Debtor within 10 business days of the date of transmission of such notice

of default. In the event the default is not cured, the Class 1 Claimants shall be entitled to pursue all amounts owed pursuant to state law outside of the Bankruptcy Court. The Class 1 Claimants shall provide a notice of default to Debtor's counsel by facsimile or email. The Class 1 Claimants shall only be required to provide two notices of default. Upon a third event of default, (i) the Class 1 Claimants shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice. Failure to pay post-petition taxes prior to delinquency shall constitute an event of default. All liens shall be retained to secure the taxes owed.

c.      In the event of a sale of real property all Class 1 Claims secured against the real property being sold shall be paid in full at closing in exchange for a release of the associated lien.

**3.07.   Class 2 / Allowed Priority Claim of the Internal Revenue Service**. Class 2 shall consist of the Allowed Priority Claim of the Internal Revenue Service which accrued on or prior to May 3, 2019 (the "**Class 2 Claims**") in the estimated amount of $1,000.00.

a.      Impairment and Voting. Class 2 Claims are impaired by the Plan. The holders of Class 2 Claims are entitled to vote to accept or reject the Plan.

b.      Treatment. The holders of Class 2 Claims shall be paid in full over 60 months following the Confirmation Date. The Class 2 Claims shall be paid interest from the Petition Date at the rate of 12.0% per annum following the Effective Date until paid in full. In the event that the Debtor disputes such claim, the payments will be applied to the undisputed amount of the claim as ultimately allowed. While resolution of any such objection is pending, payments pursuant to the Plan shall be applied to the undisputed portion of the claim as ultimately allowed. Such default must be cured by the Debtor within 10 business days of the date of transmission of such notice of default. In the event the default is not cured, the Class 2 Claimants shall be entitled to pursue all amounts owed pursuant to state law outside of the Bankruptcy Court. The Class 2 Claimants shall provide a notice of default to Debtor's counsel by facsimile or email. The Class 2 Claimants shall only be required to provide two notices of default. Upon a third event of default, (i) the Class 2 Claimants shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice. Failure to pay post-petition taxes prior to delinquency shall constitute an event of default.

c.      In the event of any sale, Class 2 Claims shall be paid in full at closing after all claims secured against the property sold.

**3.08.   Class 3 / Allowed Secured Claim of Statebridge – 6012 Mayes Place**. Class 3 shall consist of the Allowed Secured Claims of Statebridge on the Debtor's real property commonly known as 6012 Mayes Place, The Colony, Texas 75065, which accrued on or prior to May 3, 2019 (the "**Class 3 Claims**") in the estimated amount of $125,000.00. The Allowed Claim

shall include legal fees, costs and interest at the contract rate from the Petition Date through the Confirmation Date.

a. <u>Impairment and Voting</u>. Class 3 Claims are impaired by the Plan. The holders of Class 3 Claims are entitled to vote to accept or reject the Plan.

b. <u>Treatment</u>. The holders of Class 3 Claims shall be paid in full over 60 months (or stated as 5 years), with interest at a rate of 5.5% per annum, from and after the Confirmation Date. Payments (constituting payments of both principal and interest) shall be made in equal monthly payments based on a standard 30-year amortization; the payments shall be made as if on a standard 30-year note, with a balloon payment coming due at the end of the 60 months (or stated as 5 years). The first payment is due on the first day of the first month following the Effective Date and all subsequent payments will continue on the first day of each month thereafter until the allowed amount of the Secured Claim is paid in full. There is a balloon payment due to Statebridge at the end of the Plan Term; at the end of the 60 months, a balloon payment balance is due after 5 years or 60 months to Statebridge for the remaining balance of the Allowed Secured Claim. The balloon payment will be funded by a refinance of the debt or sale of the property. Should the balloon payment not be made the Debtor, the Debtor will default and the Debtor will permit the Secured Creditor to foreclose on the property that serves as its collateral.

c. Statebridge shall retain its lien to secure its claim until paid in full under this Plan.

d. In the event of a sale of 6012 Mayes Place, Class 3 Claims shall be paid in full at closing in exchange for a release of its lien. There shall be no prepayment penalty.

e. All terms of the loan documents not otherwise modified in this Section shall remain in full force and effect.

**3.09.** **Class 4 / Allowed Secured Claim of Statebridge – 1005 Shady Lane**. Class 4 shall consist of the Allowed Secured Claims of Statebridge on the Debtor's real property commonly known as 1005 Shady Lane, Keller, Texas 76428, which accrued on or prior to May 3, 2019 (the "**Class 4 Claims**") in the estimated amount of $150,000.00. The Allowed Claim shall include legal fees, costs and interest at the contract rate from the Petition Date through the Confirmation Date.

a. <u>Impairment and Voting</u>. Class 4 Claims are impaired by the Plan. The holders of Class 4 Claims are entitled to vote to accept or reject the Plan.

b. <u>Treatment</u>. The holders of Class 4 Claims shall be paid in full over 60 months (or stated as 5 years), with interest at a rate of 5.5% per annum, from and after the Confirmation Date. Payments (constituting payments of both principal and interest) shall be made in equal monthly payments based on a standard 30-year amortization; the payments shall be made as if on a standard 30-year note, with a balloon payment coming due at the end of the 60 months (or stated as 5 years). The first payment is due on the first day of the first month following the Effective

Date and all subsequent payments shall continue on the first day of each month thereafter until the allowed amount of the Secured Claim is paid in full. There is a balloon payment due to Statebridge at the end of the Plan Term; at the end of the 60 months, a balloon payment balance is due after 5 years or 60 months to Statebridge for the remaining balance of the Allowed Secured Claim. The balloon payment will be funded by a refinance of the debt or sale of the property. Should the balloon payment not be made the Debtor, the Debtor will default and the Debtor will permit the Secured Creditor to foreclose on the property that serves as its collateral.

c.  Statebridge shall retain its lien to secure its claim until paid in full under this Plan.

d.  In the event of a sale of 1005 Shady Lane, Class 4 Claims shall be paid in full at closing in exchange for a release of its lien. There shall be no prepayment penalty.

e.  All terms of the loan documents not otherwise modified in this Section shall remain in full force and effect.

**3.10.  Class 5 / Allowed Secured Claim of Statebridge – 4437 Jenkins**.  Class 5 shall consist of the Allowed Secured Claims of Statebridge on the real property commonly known as 4437 Jenkins, The Colony, Texas, which accrued on or prior to May 3, 2019 (the "**Class 5 Claims**") in the estimated amount of $107,000.00.  The Allowed Claim shall include legal fees, costs and interest at the contract rate from the Petition Date through the Confirmation Date.

a.  <u>Impairment and Voting</u>.  Class 5 Claims are impaired by the Plan.  The holders of Class 5 Claims are entitled to vote to accept or reject the Plan.

b.  <u>Treatment</u>.  The holders of Class 5 Claims shall look to the real property for the satisfaction of their debt. Any claims of Statebridge relating to 4437 Jenkins are subject to discharge to the extent that such claim is over and above the value of the Property that secures such claim and any such claim shall be treated as an unsecured claim in Class 8 of this Plan.  The property was transferred to Sophia Hinton prior to the filing of the case.  The Plan does not treat the claim of Statebridge beyond recognizing that any claim they may have would be attached to the real property and to the extent Sophia Hinton may have a claim against the title company who closed her sale. The only claims subject to discharge are those held against the Debtor and any property that secures such claim.

c.  Statebridge, Sophia Hinton and any title company related to such claims has notice of this case.

**3.11.  Class 6 / Allowed Secured Claim of Wells Fargo Mortgage – 2046 Greenstone**. Class 6 shall consist of the Allowed Secured Claims of Wells Fargo Mortgage on the Debtor's real property commonly known as 2046 Greenstone Trail, Carrollton, Texas 75010, which accrued on or prior to May 3, 2019 (the "**Class 6 Claims**") in the estimated amount of $128,694.52.

a.  <u>Impairment and Voting</u>.  Class 6 Claims are impaired by the Plan.  The holders of Class 6 Claims are entitled to vote to accept or reject the Plan.

b. <u>Treatment</u>. The holders of Class 6 Claims shall be paid in full over 60 months (or stated as 5 years), with interest at a rate of 5.5% per annum, from and after the Confirmation Date. Payments (constituting payments of both principal and interest) shall be made in equal monthly payments based on a standard 30-year amortization; the payments shall be made as if on a standard 30-year note, with a balloon payment coming due at the end of the 60 months (or stated as 5 years). The first payment is due on the first day of the first month following the Effective Date and all subsequent payments shall continue on the first day of each month thereafter until the allowed amount of the Secured Claim is paid in full. There is a balloon payment due to Wells Fargo Mortgage at the end of the Plan Term; at the end of the 60 months, a balloon payment balance is due after 5 years or 60 months to Wells Fargo Mortgage for the remaining balance of the Allowed Secured Claim. The balloon payment will be funded by a refinance of the debt or sale of the property. Should the balloon payment not be made the Debtor, the Debtor will default and the Debtor will permit the Secured Creditor to foreclose on the property that serves as its collateral.

c. Wells Fargo Mortgage shall retain its lien to secure its claim until paid in full under this Plan.

d. In the event of a sale of 2046 Greenstone, Class 6 Claims shall be paid in full at closing in exchange for a release of its lien. There shall be no prepayment penalty.

e. All terms of the loan documents not otherwise modified in this Section shall remain in full force and effect.

**3.12.** **Class 7 / Allowed Claim of Touba Daneshmandi**. Class 7 shall consist of the Allowed Claim of Touba Daneshmandi, (the "Class 7 Claims") in the estimated amount of $1,187,863.00. This amount is based off the Proof of Claim filed in this case.

a. <u>Impairment and Voting</u>. The Class 7 Claim is impaired by the Plan. The holder of the Class 7 Claim is **not** entitled to vote to accept or reject the Plan as Touba Daneshmandi is an insider to the Debtor.

b. <u>Treatment</u>. The holder of the Class 7 Claim shall be paid in accordance with the treatment provided in Class 8 as an unsecured creditor.

**3.13.** **Class 8 / Allowed General Unsecured Claims**. Class 8 shall consist of Allowed General Unsecured Claims and is estimated to be approximately $2,642,828.29. The Debtor has not filed claims objections and may object to certain of the unsecured claims.

a. <u>Impairment and Voting</u>. Class 8 is impaired by the Plan. The holders of Class 8 Claims are entitled to vote to accept or reject the Plan.

b. <u>Treatment</u>. Each holder of an Allowed General Unsecured Claim shall be paid their pro-rata share from the Creditor's Pool based on fifty percent of the Allowed Claim Amounts until the Class 8 Claims are paid.

Class 8 Claims shall receive payments under the Plan as soon as possible after payments to senior secured Allowed Creditor Classes and Allowed Administrative Claims. The Plan projects to pay such claims at the rate of 50% of each Allowed General Unsecured Claim. A schedule of such claims is attached hereto as Exhibit "A".

**3.14.** **Class 9 / Allowed Equity Interests**.  Class 9 shall consist of all Allowed Interests in the Debtor.

a. Impairment and Voting. Class 9 are not impaired by the Plan and are not entitled to vote to accept or reject the Plan. Members of the Debtor shall retain their interests in the Debtor post-confirmation.

## B. Voting and Impairment of Classes

**Voting Classes**.  Classes of Claims 1, 2, 3, 4, 5, 6, and 8 are impaired by the Plan and shall be entitled to vote to accept or reject the Plan.

**Deemed Acceptance**.  The Class 7 Claim is also impaired by the Plan but shall not be entitled to vote to accept or reject the Plan.

**Confirmability of the Plan**.  The confirmation requirements of section 1129 of the Bankruptcy Code must be satisfied with respect to the Debtor and the Plan. If the Bankruptcy Court determines that any provision of the Plan is prohibited by the Bankruptcy Code, or renders the Plan not confirmable under section 1129 of the Bankruptcy Code, the Debtor reserves the right to sever such provision from the Plan and to request that the Plan be confirmed as so modified.

## ARTICLE IV
## MEANS OF EXECUTION AND IMPLEMENTATION

**4.01.** **Corporate Existence; Continuation**.  On and after the Effective Date, the Debtor shall continue in existence as GRCDALLASHOMES LLC, a limited liability company formed under the laws of the State of Texas. As set forth above, the holder of the Allowed Interests shall remain subject to the conditions of this Plan, specifically the appointment of the Plan Agent as set forth below.

**4.02.** **Vesting of Assets; Operational Rights**.  On and after the Effective Date, all property of the estate shall revest in the Reorganized Debtor. Subject to the terms of this Plan and the Confirmation Order, the Reorganized Debtor may operate its business and use, acquire and dispose of all such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court, and shall be free and clear of all claims liens, debts, liabilities, charges, interests, and other encumbrances except as specifically provided in the Plan or the Confirmation Order.

**4.03.** **Plan Agent**.  Under the terms of this Plan, Christopher J. Moser will serve as the Plan Agent for Debtor's estate. Christopher J. Moser shall notify the Debtor and its counsel of his intent to perform the Plan Agent duties no later than the first date set for Confirmation of Debtor's Plan. If Mr. Moser does not accept, then a current or former Chapter 7 Panel Trustee in either the

Northern or Eastern District of Texas shall be selected by Debtor. The Plan Agent shall be designated within seven (7) days following Confirmation.

**4.04.** **Duties & Powers of the Plan Agent**. Following Confirmation and upon designation, the Plan Agent shall assist in the orderly liquidation of the real property assets of the Debtor for the purpose of maximizing the liquidation value of each asset for the benefit of the Claimants herein. The Plan Agent shall perform the following duties, and be vested with only such

**4.04.1.** All sale proceeds shall be deposited in the Debtor's account. The Creditor's Pool will also include proceeds from the sale of the Debtor's vehicles. From these funds the Plan Agent shall establish a Creditor's Pool to pay the Class 8 creditors with Allowed Claims. The Creditor's Pool will be funded from sales of the Debtor's properties, less costs of sales, costs of rehab and repair (if any), acquisitions, taxes, Allowed Secured Creditor Claims and mortgages and Allowed Administrative Fees and Costs. The remaining funds shall comprise the Creditor's Pool for pro-rata payment to the Class Class 8 Creditors with Allowed Claims. Recoveries from Causes of Action preserved under this Plan will also fund the Creditor's Pool. Such claims are described on Exhibit "B" attached hereto.

**4.04.2.** Plan Agent shall make sure that all distributions called for by this Plan to creditors with Allowed Claims are made in a timely fashion and are properly accounted for.

**4.04.3.** Plan Agent shall persist in his role until such time as all sales proceeds have been collected and distributed to Claimants as prescribed by this Plan to make sure that creditors with Allowed Claims get paid as called for by the Plan.

**4.04.4.** Agent shall work the Debtor on reviewing the claims and causes of action that the Debtor holds that would benefit the Allowed Claims of Creditors. Agent will report to the creditors with Allowed Claims. Agent may pursue the claims if the Debtor does not.

**4.05.** **Compensation of Plan Agent**. The Plan Agent shall be compensated at a rate of $350.00 per hour from available funds of the Debtor for services rendered following the Effective Date. In the absence of other intervening orders, the Plan Agent shall have the option to apply for modification of the compensation paid to him.

**4.06.** **Effectuating Documents**. Except for authorities vested in the Plan Agent by the Plan, the Reorganized Debtor shall be authorized, without any further action of the Bankruptcy Court, without the consent or approval of any other party, and without any further act or action under applicable law, regulation, order or rule, to execute, deliver, file or record such contracts, instruments, release, and other agreements or documents and take such actions, as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**4.07.** **Retention of Avoidance Actions and Causes of Action**. The Reorganized Debtor shall retain, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, and shall prosecute as

appropriate all causes of action belonging to the bankruptcy estate pursuant to section 541 of the Bankruptcy Code. All creditors and parties in interest are hereby placed on notice that despite any provision which may be contained in this Plan providing for satisfaction of claims, if a Claim is Allowed, any and all rights are reserved to commence, prosecute to judgment, and to collect upon any cause of action listed in the Schedule of Liabilities or Statement of Affairs as an asset of the bankruptcy estate of the Debtor or which are referenced herein or in the Disclosure Statement.

**4.08. Deadline for Filing Administrative Claims and Professional Fee Administrative Claims**. Subject to further order of the Bankruptcy Court, all applications for payment of Professional Fee Administrative Claims shall be filed with the Bankruptcy Court within thirty (30) days of the Effective Date.

**4.09. Deadline for Objections to Claims**. Any and all objections to claims shall be filed with the Bankruptcy Court and served upon the holder of such Claim on or before thirty (30) days after the Effective Date, (the "**Claim Objection Bar Date**"), or be forever barred from filing such an objection. The Debtor shall be authorized to settle any objection to a Claim with notice to the Court and creditors with Allowed Claims. Nothing in any prior order of the Court shall bar an objection to claim from being filed Any party besides the Debtor shall file any objection to claims no later than 3 days following the expiration of the Debtor's objection period.

**4.10. Disputed Claim Allowance and Payment.** Notwithstanding any other term or condition of the Plan, disputed, unliquidated, and/or contingent Claim to which an objection has been filed prior to the Claim Objection Bar Date, shall be paid only upon allowance in accordance with the provisions of Section 502 of the Bankruptcy Code or upon Final Order of the Bankruptcy Court. For purposes of calculating distributions to be made under the Plan the amount of the total Allowed Claims in any Class shall be computed as if any Disputed Claim still outstanding on the date of such distribution had been "allowed" in the full amount thereof. The funds held on account of any Disputed Claim shall be disbursed in accordance with the Final Order which allows or disallows such Claim. The Plan Agent shall hold the Disputed Claims Reserve.

**4.11. Preservation of Claims and Causes of Action**. Debtor expressly reserves all of its rights to pursue causes of action and all such causes of action are preserved. Except as otherwise released pursuant to the Plan, all Claims recoverable under Chapter 5 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Reorganized Debtor. Nothing in the Plan shall act as a bar as it relates to any claims of the Estate against third parties, except as expressly released pursuant to the Plan or as time-barred, precluded or released under the Court's final order authorizing use of cash collateral. Nothing in this Plan or the confirmation of the Plan shall otherwise estop the Debtor from asserting claims against third parties.

The Debtor does reserve the right to object to claims of creditors that are overstated. Such issues may be raised in the context of objections to claims in this case.

All claims and causes of action are preserved as follows: Except as otherwise released pursuant to the Plan or otherwise barred or released pursuant to the Final Cash Collateral Order, any and all

claims, causes of action, cross claims or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) a Cause of Action; and (iii) to the extent not included in the term Cause of Action, any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor has or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, misuse of collateral, negligent loan origination, processing, banking, and administration, violations of statutes and regulations of governmental entities, securities and antitrust violations, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor's schedules, and shall include any claims whether or not referenced in any disclosure statement filed in this case. Such claims may be identified in more detail in the Disclosure Statement and on the Schedules filed in this case. Nothing shall estop the Debtor or Reorganized Debtor from asserting claims or causes of action just because they were not scheduled or described in detail in the Debtor's Schedules or Disclosure Statement. The Debtor is not releasing any claims under the Plan. The Debtor along with input from the Plan Agent will review, analyze and may pursue pre-petition claims and causes of action.

No distributions under the Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is disputed in whole or in part because Judge asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of *such offset or* recoupment, less the amount of its Allowed Claim. In addition, any party authorized by the Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE V
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.01.** __Assumption of Executory Contracts and Unexpired Leases.__ Debtor shall assume, pursuant to Bankruptcy Code Section 1123(b)(2), all by separate Motions unexpired leases of non-residential real property and executory contracts prior to the Confirmation Date. All contracts not assumed shall be rejected.

**5.02.** __Reservation of Rights__. The Debtor shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, prior to the Confirmation Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**5.03.** __Bar Date for Claims Based On Rejection.__  If the rejection of an executory contract or an unexpired lease by the Debtor results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtor or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtor, by the earlier of (a) the end of the month following the month in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; provided, however, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission by the Debtor that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the Debtor of any objections to such Claim if asserted.

**5.04.** Debtor cannot guaranty the properties will result in the projected sales amounts as anticipated by the Debtor. The Debtor (with the assistance of the Plan Agent) will use its best efforts to try to realize the projected amounts. The only other estate property may be claims and causes of action that the Debtor may hold.  The Debtor has employed special counsel to assist with collections on claims. Nothing will prevent any party in interest from purchasing any property of the Debtor at a fair market value.

**ARTICLE VI**
**ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS**

**6.01.** __The Debtor's Causes of Action.__  Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Debtor for the benefit of the Creditors subsequent to the Effective Date. This Plan shall not estop the Debtor from asserting any claim or cause of action whether disclosed or not. To the extent there are such claims they may be pursued for the benefit of the Allowed Claims of Creditors under the Plan. The Debtor has not made an extensive analysis of such claims.

**6.02.** __Objections to Claims.__  Objections to allowance of Pre-Petition Claims shall be filed at any time prior to thirty (30) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor may compromise and settle any Contested Claim, subject to notice to the Court and creditors with Allowed Claims.  Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is disputed in whole or in part because the Debtor asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim. In addition, any party authorized by the Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE VII
## EFFECT OF CONFIRMATION

**7.01** <u>**Discharge and Release of Debtor.**</u> Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan does discharge the Debtor.

**7.02** <u>**Legal Binding Effect.**</u> The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**7.03** <u>**Discharge.**</u> Confirmation of the Plan shall result in the inability to commence or continue any judicial, administrative, or other action or proceeding on account of any Pre-Petition Date Claims against the Debtor. Claims against non-debtors tied to the Debtor as well shall be treated under this Plan and such Claimants shall be enjoined from collecting on such claims based on the Debtor providing for treatment of such claims under this Plan.

Except as provided in the Plan, from and after the Confirmation Date, all holders of Claims against the Debtor are restrained and enjoined (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor, or its property; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtor on account of such Claims; (c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtor on account of such Claims; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor on account of such Claims; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan on account of such Claims; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce its rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. Creditors shall not pursue claims against non-debtor third parties at the same time as their claims are being paid in full through the Plan. Such restraint shall be consistent with the discharge granted to the Debtor in connection with confirming its Plan as called for by the Code. Nothing herein shall prevent the Caldwell appeal in state court from proceeding.

## ARTICLE VIII
## <u>MISCELLANEOUS PROVISIONS</u>

**8.01** <u>**Request for Relief Under Bankruptcy Code Section 1129**</u>.  In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtor reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**8.02** <u>**Revocation**</u>.  The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**8.03** <u>**Effect of Withdrawal or Revocation.**</u>  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**8.04** <u>**Due Authorization by Creditors.**</u>  Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**8.05** <u>**Entire Agreement.**</u>  This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**8.06** <u>**Section 1146 Exemption.**</u>  Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**8.07** <u>**Provisions Governing Distributions.**</u>  All payments and distributions under the Plan shall be made by the Debtor as indicated.  Any payments or distributions to be made by the Debtor pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed). All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all unclaimed property shall remain the property of the Debtor and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Debtor by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Debtor.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**8.08.** **Prepayment.** Except as otherwise provided in the Plan or the Confirmation Order, the Debtor shall have the right to prepay, without penalty, all or any portion of any Allowed Claim at any time; *provided, however,* that any such prepayment shall not violate or otherwise prejudice the relative priorities and parities among the Classes of Claims.

**8.09.** **Interest, Penalties, and Fees.** Except as expressly stated in the Plan, or allowed by Final Order of the Bankruptcy Court, no interest, penalty, or late charge is to be 'allowed' on any Claim subsequent to the Petition Date. No attorneys' fees will be paid with respect to any Claim except as specified in the Plan or as allowed by Final Order of the Bankruptcy Court.

**8.10.** **Governing Law.** Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**8.11.** **Binding Effect.** Except as otherwise expressly provided in the Plan, on and after the Effective Date, the terms of the Plan shall bind all holders of Claims and Interests, whether or not such holders of Claims and Interests accept the Plan. The rights, duties, and obligations of any Person named or referred to in the Plan shall be binding upon and shall inure to the benefit of such Person and its respective successors and assigns.

**8.12.** **Default.** Unless otherwise stated in this Plan, if the Debtor fails to satisfy any of the obligations under this Plan and such default is not cured within 30 business days of the date of transmission of notice of the default to the Debtor, then the defaulted party may pursue all of its remedies outside of the Bankruptcy Court, including, but not limited to, foreclosure on its lien(s) on property.

**8.13.** __Notices.__  Any notice required or permitted under the Plan shall be in writing and served either by (i) certified mail, return receipt requested, postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, freight prepaid, addressed to the following parties:

> Joyce Lindauer
> Joyce W. Lindauer Attorney, PLLC
> 12720 Hillcrest Road, Suite 625
> Dallas, Texas  75230

> GRCDALLASHOMES LLC
> c/o Kazem Daneshmandi
> 13220 Beach Club Road
> The Colony, Texas 75056

# ARTICLE IX
# RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**9.01** __Allowance of Claims.__  To hear and determine the allowability of all Claims upon objections to such Claims.

**9.02** __Executory Contracts and Unexpired Leases Proceedings__.  To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to Section 365 and 1123 of the Code and Article VII of the Plan.

**9.03** __Plan Interpretation.__  To resolve controversies and disputes regarding the interpretation of the Plan.

**9.04** __Plan Implementation.__  To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**9.05** __Plan Modification.__  To modify the Plan pursuant to Section 1127 of the Code and applicable Bankruptcy Rules.

**9.06** __Adjudication of Controversies__.  To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the Debtor.

**9.07** __Injunctive Relief.__  To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**9.08** __Interpleader Action.__  To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**9.09** **Correct Minor Defects.** To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**9.10** **Authorization of Fees and Expenses.** To review and authorize payment of professional fees incurred prior to the Effective Date.

**9.11** **Post-Confirmation Orders Regarding Confirmation.** To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**9.12** **Final Decree.** To enter a final decree closing the Case pursuant to Bankruptcy Rule 3022.


Dated: October 28, 2019

Submitted by:

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone:     (972) 503-4033
Facsimile:     (972) 503-4034
Email: joyce@joycelindauer.com
           jeff@joycelinduar.com
**ATTORNEYS FOR DEBTOR**


_/s/ Kazem Daneshmandi_
Kazem Daneshmandi, _Member_

**EXHIBIT A**

| | | |
|---|---|---|
| Petition Date | 5/3/2019 | |
| Eff. Date (1st business day +30 from conf. date) | 1/30/1900 | Check day of week |
| Confirmation Order | | |

| | Docket | Disputed | Sources |
|---|---|---|---|
| | n/a | x | POCs 1-16 |
| | n/a | x | Schedules |
| | 104 | x | First Plan dated 9/9/19 |
| | TBD | | Confirmation Order |
| | none | x | Claim Objections |

| Class | Creditor (if POC filed, reflects POC) name and payment address | Scheduled Amount (included by exception) | POC Amount | Plan Amount (Estimated or Allowed) | Payment Basis | Plan Treatment (Payments) | First Payment Due | Payment | Claim No. | Docket | Disputed | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.01, 3.02 | **Administrative Claims** | | | | | | | | | | | |
| | Joyce W. Lindauer Attorney PLLC, 12720 Hillcrest Rd, Ste 625, Dallas, TX 75230 | | | | $25,000 (est) | Pay allowed amounts in full on eff date or as agreed. | | $25,000 (est) | | | | Estimated payment is after application of $16,717 retainer. Fee application to be filed. |
| | United States Trustee | | | | | Trustee fees to be paid and quarterly reports filed until case is closed. | | | | | | |
| 1 | **Allowed Secured Ad Valorem Tax Claims Paid To Taxing Authorities** | | | | | | | | | | | |
| | The County of Denton Texas, POB 1277, Denton, TX 76202-1277 | $25,000.00 | $32,880.63 | $32,880.63 | | Pay over 60 mo @ 12% interest. Accrue interest at 1%/mo from petition to eff date. | | $ 731.41 | 1 | | | Need to add to the payment basis 1% monthly interest from 5/3/19 to effective date, once known, then recalculate payment. |
| | Carrollton Farmers Branch ISD, c/o Perdue Brandon Fielder et al, 500 E Border St, ste 640, Arlington, TX 76010 | | $8,306.11 | $8,306.11 | | same | same | $ 184.76 | 2 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | City of Highland Village, c/o Perdue Brandon Fielder et al, 500 E Border St, ste 640, Arlington, TX 76010 | | $2,582.07 | $2,582.07 | | same | same | $ 57.44 | 3 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | Arlington ISD, c/o Perdue Brandon Fielder et al, 500 E Border St, ste 640, Arlington, TX 76010 | | $3,082.67 | $3,082.67 | | same | same | $ 68.57 | 4 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | Dallas County, c/o Linebarger Goggan Blair and Sampson LLP, 2777 N Stemmons Frwy, Ste 1000, Dallas, TX 75207 | $7,000.00 | $12,378.56 | $12,378.56 | | same | same | $ 275.35 | 5 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | Tarrant County, c/o Linebarger Goggan Blair and Sampson LLP, 2777 N Stemmons Frwy, Ste 1000, Dallas, TX 75207 | $11,000.00 | $15,875.45 | $15,875.45 | | same | same | $ 353.14 | 6 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | City of Carrollton, c/o Linebarger Goggan Blair and Sampson LLP, 2777 N Stemmons Frwy, Ste 1000, Dallas, TX 75207 | | $3,471.96 | $3,471.96 | | same | same | $ 77.23 | 7 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| | City of Lewisville, c/o Linebarger Goggan Blair and Sampson LLP, 2777 N Stemmons Frwy, Ste 1000, Dallas, TX 75207 | | $29,196.65 | $29,196.65 | | same | same | $ 649.46 | 8 | | | Need to add 1% monthly interest from 5/3/19 to effective date TBD. |
| 2 | **Allowed Priority Claim of IRS** | | | | | | | | | | | |

| No. | Creditor / Address | Scheduled | Claim Amount | Allowed | Treatment | Payment Start | | |
|---|---|---|---|---|---|---|---|---|
| | Internal Revenue Service, 1100 COMMERCE St, M/S 5027 DAL, Dallas, TX 75242 | $1,000.00 | $1,000.00 | | Pay over 60 mo @ 12% interest. Accrue interest at 1%/mo from petition to eff date. In the event of sale pay in full. | | S 22.24 | 9 |
| 3 | **Allowed Secured Claim to Statebridge – 6012 Mayes Place** | | | | | | | |
| | Statebridge, 5680 Greenwood Plaza Blvd, Ste 100, Greenwood Village, CO 80111 | | $125,000.00 | | Pay 60 mo. at 5.5% with 30 yr amortization, balloon at end of 60 months. | 1st day of 1st mo after eff date | | |
| 4 | **Allowed Secured Claim to Statebridge – 1005 Shady Lane** | | | | | | | |
| | Statebridge, 5680 Greenwood Plaza Blvd, Ste 100, Greenwood Village, CO 80111 | | $150,000.00 | | Pay 60 mo. at 5.5% with 30 yr amortization, balloon at end of 60 months. | 1st day of 1st mo after eff date | | |
| 5 | **Allowed Secured Claim to Statebridge – 4437 Jenkins** | | | | | | | |
| | Statebridge, 5680 Greenwood Plaza Blvd, Ste 100, Greenwood Village, CO 80111 | | $107,000.00 | | Surrender Property | | | |
| 6 | **Allowed Secured Claim of Wells Fargo Mortgage – 2046 Greenstone** | | | | | | | |
| | Wells Fargo Bank NA, Default Document Processing, MAC# N9286-01Y, 1 Home Campus, Des Moines, IA 50328 | $141,895.59 | $128,694.52 | $128,694.52 | Pay 60 mo. at 5.5% with 30 yr amortization, balloon at end of 60 months. | 1st day of 1st mo after eff date | | 13 |
| 7 | **Allowed Claim of Touba Daneshmandi** | | | | | | | |
| | Touba Daneshmandi, 13220 Beach Club Rd, The Colony, TX 75056 | $900,000.00 | $1,187,863.00 | $1,187,863.00 | Pay in full out of Creditors' Pool from sale proceeds. 50% of proceeds to class 8. | tbd | | 16 |
| 8 | **Allowed General Unsecured Claims** | | | | | | | |
| | | | | | Pay pro-rata share of Creditor's Pool from sale proceeds. 50% Payments to be made as soon as possible after payments to senior secured classes. | tbd | | |
| | Bryan Wing Choung Poon, c/o Goodrich Posnikoff & Assoc, LLC, 801 Cherry Street, Suite 1010, Unit 15, Fort Worth, TX 76102 | $340,000.00 | $512,276.84 | $512,276.84 | | | | 12 |
| | Chase Credit Card, 4385 State Hwy 121, The Colony, TX 75056 | $73,610.44 | $73,610.44 | | | | | |
| | Floor Expert Inc / Art Lopez, 7525 Main St, #120, The Colony, TX 75056 | $28,778.97 | $28,778.97 | $28,778.97 | | | | 15 |
| | John D Caldwell, 1500 Pine Hills Ln, Corinth, TX 76210 | Unknown | $606,945.32 | $606,945.32 | | | | 11 |
| | Julie Ann Pettit, 2101 Cedar Springs Rd, Ste 1540, Dallas, TX 75201 | $34,000.00 | $0.00 | | | | | |
| | Khazari & Moghadassi Attorneys At Law PC, 3000 Keller Springs Rd, Ste 200, Carrollton, TX 75006 | $16,375.75 | $13,513.25 | $13,513.25 | | | | 14 |
| | Reliant Title, 6850 North Shiloh Rd, Garland, TX 75044 | $107,000.00 | $0.00 | | | | | |
| | Robert C Saldeen, 4217 Malone Ave, The Colony, TX 75056 | $175,000.00 | $175,000.00 | $175,000.00 | | | | 10 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Sophia Hiten, 4437 Jenkins, The Colony, TX 75056 | $107,000.00 | | | | $0.00 | | | | |
| 9 | Allowed Equity Interests | | | | | | | | |
| | | | | $2,597,987.82 | $1,298,993.91 | | | | |

Claims

| Style of the Case | Cause Number | County | Value | |
|---|---|---|---|---|
| John Caldwell v. GRCDallasHomes, LLC and Kazem Daneshmandi | 17-10604-442 | Denton | $606,000 | Subject to state court appeal |
| GRCDallasHomes, LLC v. Tsegu Rusom and Trinity Title of Texas, LLC | DC-19-14842 | Dallas | $90,000 | Pending |
| Bryan Wing Cheung Poon v. Kazem Daneshmandi and GRCDallasHomes, LLC | 16-06333-431 | Denton | $512,000 | Subject to agreement with Kazem Daneshmandi |
| GRCDallasHomes, LLC v. Tisha D. Stender and William P. Stender, III | DC-19-09346 | Dallas | $35,000 | Pending |
| Turner Matter | * No Lawsuit Filed * | | $90,000 | |
| Clay Stapp Matter | * No Lawsuit Filed * | | $20,000 | |
| Sarah Clark Matter | | | $7,500 | |
| Jose Garcia Matter | | | $500 | |
| Tim Autry Matter | | | $30,000 | |
| Objection to Claims (not determined yet) | | | | |



EXHIBIT

_B_

exhibit