IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **GRCDALLAS HOMES, LLC,** | § | Case No.  19-41186 |
| | § | |
| Debtor. | § | |

**LEWISVILLE ISD'S LIMITED OBJECTION TO DEBTOR'S MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) AND MOTION TO DISBURSE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Lewisville ISD and files this, its Limited Objection to Debtor's Motion to
Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances Pursuant to 11
U.S.C. §363(b) and Motion to Disburse (the "Motion") and would respectfully show the Court
the following:

1.      Lewisville ISD, a duly organized governmental unit of the State of Texas, is the
holder of a prepetition claim for unpaid ad valorem real property taxes for tax year 2019 and an
administrative expense claim for unpaid ad valorem real property taxes for tax years 2021 and
2022 assessed against property located within its jurisdiction.[1]

2.      These taxes are secured by unavoidable, perfected, first priority liens pursuant to
11 U. S.C. Section 362(b)(18) and Texas Property Tax Code Sections 32.01 and 32.05.[2]  Texas
Property Tax Code Section 32.01 provides:

---

[1]   The amount owed for tax year 2022 is currently an estimated amount that is calculated using
the base amount of ad valorem taxes owed for tax year 2021.  The actual amount owed will be
determined in October 2022 pursuant to Texas Law.

[2]   11 U.S.C. Section 362(b)(18) allows for the creation or perfection of a statutory lien that
secures ad valorem taxes that come due postpetition. Counsel for Lewisville ISD was unable to
locate ad valorem property tax accounts in the Debtor's name for the real property located at
2505 Oak Grove Parkway, Little Elm, Texas.  However to the extent there are unpaid amounts

**UST - 18**

(a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

…

(d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Tex. Prop. Tax Code § 32.01. Texas Property Tax Code Section 32.05(b) provides:

(b) . . . a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

Tex. Prop. Tax Code § 32.05(b).

3.      Lewisville ISD does not object to the sale of the property.  However, Lewisville ISD objects to a sale free and clear of liens that does not result in the payment of any prepetition amounts owed on the properties sold at the sale closing with interest that has accrued postpetition at the state statutory rate pursuant to 11 U.S.C. Sections 506(b) and 511 and the payment of all unpaid postpetition taxes plus all accrued penalties and interest at the sale closing.

4.      Lewisville ISD also objects to the Motion to the extent that it provides for the sale of the real property free and clear of liens without specifically retaining the liens that secure all amounts ultimately owed for tax year 2022.

5.      Lewisville ISD objects to the payment of any other creditor from proceeds of the sale of its collateral prior to satisfaction in full of all amounts owed to it.

6.      In order for Lewisville ISD to consent to the sale of the real property, the order granting the Motion must provide:  (i) that it will receive payment at closing of the prepetition amounts due on the properties sold with postpetition interest at the state statutory rate pursuant to

owed to Lewisville ISD on this property, those amounts are secured by liens pursuant to Texas Tax Code Sections 32.01 and 32.05.

11 U.S.C. Sections 506(b) and 511 prior to the disbursement of proceeds to any other creditor; (ii) that it will receive payment in full of all postpetition taxes due along with accrued penalties and interest prior to the disbursement of proceeds to any other creditor; and (iii) that Lewisville ISD will retain the liens against the real properties that secure all base tax, penalties and interest that ultimately accrue for tax year 2022 with the taxes becoming the responsibility of the buyer.

WHEREFORE, premises considered, Lewisville ISD requests that any order approving the sale provides that: (i) it will receive payment at closing of the prepetition amounts due on the properties sold with postpetition interest at the state statutory rate pursuant to 11 U.S.C. Sections 506(b) and 511 at the sale closings prior to the disbursement of proceeds to any other creditor; (ii) it will receive payment in full of all postpetition taxes along with accrued penalties and interest at closing prior to the disbursement of funds to any other creditor; (iii) it will retain the liens against the real properties that secure all base tax, penalties and interest that will ultimately accrue for tax year 2022 with the taxes becoming the responsibility of the buyer; and (iv) it shall receive such other and further relief to which it may be justly entitled.

Dated:  May 13, 2022.

Respectfully submitted,

Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Fwy, Suite 1000
Dallas, TX 75207
Ph. No.  (214) 880-0089
Fax No. (469) 221-5003
laurie.spindler@lgbs.com

By:    /s/Laurie A. Spindler_____
Laurie A. Spindler
SBN 24028720

ATTORNEYS FOR LEWISVILLE ISD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's Electronic Case Filing System upon all parties requesting notice on this 13th day of May 2022.

/s/ Laurie A. Spindler_____
Laurie A. Spindler