IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRCDALLAS HOMES, LLC | ) | Case No. 19-41186 |
| | ) | |
| Debtors. | ) | |

**DENTON COUNTY, TEXAS' OBJECTION TO THE DEBTOR'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) AND MOTION TO DISBURSE**
[Related Dkt. No. 334]

TO THE HONORABLE COURT:

NOW COMES Denton County, Texas, (hereinafter, "Denton County") and files this Objection to the Motion and respectfully shows the court the following:

1. Denton County is a unit of local government in the State of Texas which possess the authority under the laws of the State to assess and collect *ad valorem* taxes on real and business personal property.

2. Denton County filed their pre- and post-petition secured claims herein for *ad valorem* property taxes assessed against the Debtor's property for tax years 2020-2021 in the amount of $88,122.72.

3. Denton County's claim is for real property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Code §§ 32.01 and 32.05. In pertinent part, §32.01 provides:

    a. **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year…

    b. A tax lien on inventory, furniture, equipment, and their personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal

**UST - 19**

property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquire.

   c. The lien under this section is perfected on attachment and … **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05(b); See also, Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien.) The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. – Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995)

5. Denton County does not oppose the Sale provided the following provisions are included in any Final Order approving said Sale:

   IT IS FURTHER ORDERED that the closing agent and/or Debtor shall pay all ad valorem tax debt owed incident to the subject properties immediately upon the closing of the sale and prior to any disbursement of proceeds to any other person or entity.

   IT IS FURTHER ORDERED the ad valorem tax debt for tax year 2022 owed incident to the subject properties shall be prorated and the responsibility of the purchaser, and the ad valorem tax lien shall be retained against the properties, until all ad valorem tax debts owed incident to the subject properties have been paid in full.

WHEREFORE, Denton County prays that this Court grant the Debtors' Sale subject to the requests of Denton County and grant them all relief as may be just.

Dated: May 14, 2022

                                               Respectfully submitted,

                                               **MCCREARY, VESELKA, BRAGG & ALLEN, P.C.**
*Attorneys for Denton County*
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: 512.323.3200
Facsimile: 512.323.3205
By: */s/ Lee Gordon*
Lee Gordon
State Bar Number 08212500
Email: lgordon@mvbalaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Objection to the Sale Motion* was served on this 14th day of May, 2022, by electronic filing and/or first class mail upon the following:

**Debtor:**
GRCDallasHomes LLC
13220 Beach Club Road
The Colony, TX 75056

**Debtors Attorney's:**
Joyce W. Lindauer
12720 Hillcrest Road Suite 625
Dallas, TX 75230

**U.S. Trustee:**
US Trustee
Office of the U.S. Trustee 110 N. College Ave. Suite 300
Tyler, TX 75702