NO. _____

| | | |
|---|---|---|
| GRCDALLASHOMES, LLC<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | _____ JUDICIAL DISTRICT |
| STATEBRIDGE COMPANY, LLC AND<br>DB RR, LLC<br>Defendants. | §<br>§<br>§<br>§ | OF DENTON COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** GRCDallasHomes, LLC, hereinafter called Plaintiff, complaining of and about Statebridge Company, LLC and DB RR, LLC, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, GRCDallasHomes, LLC, is a Limited Liability Company whose address is 13220 Beach Club Road, The Colony, Texas 75056.

3. Defendant Statebridge Company, LLC, a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, InCorp Services, Inc., at 36 South 18th Avenure, Suite D, Brighton, CO, 80601, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

4. Defendant DB RR, LLC, a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, THE CORPORATION TRUST COMPANY, at 1209 ORANGE ST, WILMINGTON, New Castle, DE, 19801, its

1

registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

7. This court has jurisdiction over Defendant Statebridge Company, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Statebridge Company, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Furthermore, Plaintiff would show that Defendant Statebridge Company, LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

9. This court has jurisdiction over Defendant DB RR, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over DB RR, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Venue in Denton County is proper in this cause under Section 15.011 of the Texas

Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

**FACTS**

11. Statebridge issued loans to GRC for a property located at 6012 Mayes Place, The Colony, Texas 75056. DB RR, LLC purchased the loans from Statebridge. Statebridge remained the servicer of the loans. GRC filed for Bankruptcy on May 3, 2019.

12. Since **September 30, 2020**, GRC requested a payoff on the loans. After GRC's initial request, a <u>second</u> request was sent on **November 16**, a <u>third</u> request was made on **November 30**, a <u>fourth</u> request was made on **December 14**, and a <u>fifth</u> request was made on **December 21**. Finally, on December 29, GRC was provided with the requested payoffs; however, the payoffs were only good through <u>**December 31, 2020**</u>. GRC's requests were communicated to and/or directed to counsel for Statebridge, Statebridge itself, Statebridge Foreclosure, and Statebridge Bankruptcy. Despite that, Statebridge still failed to respond within a reasonable amount of time to GRC's request. It goes without saying that a delayed response to the benefit of Statebridge at GRC's detriment.

13. It has taken Statebridge **three (3) months** to provide GRC with payoffs on the requested loans. And when Statebridge did finally provide the payoffs, they were only good for <u>**two (2) days**</u>. The delay by Statebridge in providing the payoff statement is a far cry from being provided within a reasonable amount of time of the initial request. To add insult to injury, the payoff statement finally provided by Statebridge three (3) months after the initial request was unreasonable in and of itself, as it was only good for a period of two (2) days. Unfortunately for GRC, the self-serving tactics by Statebridge did not stop there. The icing on the cake was the <u>inaccurate</u> accounting by Statebridge on the unreasonably delayed payoff statement. The

Statebridge payoff statement states "[t]he next payment is due on 11/1/2020."[2] Counsel for Statebridge also alleges that "loans are due for 11/01/2020, which means [GRC is] 60 days behind on plan payments . . . ."[3] This is false, as November payments cleared on October 29, 2020.[4]

14. The repeated incidents of improper accounting by Statebridge, coupled with its inability to provide payoff statements within a reasonable amount of time from the time of the request has damaged GRC. Specifically, GRC has 1) incurred monthly payments and insurance on the subject properties; 2) incurred carrying costs on the subject properties; 3) incurred additional fees and expenses, including interest, default interest, and miscellaneous fees assessed by Statebridge; and 4) has been named a party to a lawsuit as a result of its inability to close on a pending transaction.

## BREACH OF CONTRACT

15. Plaintiff incorporates by reference paragraphs 11-14 herein,

16. A valid contract existed between the Parties.

17. Defendants had a duty to provide an accurate payoff statement by the eighth business day after the date the request is received, pursuant to Title 7, Section 155.3 of the Texas Administrative Code.

18. Plaintiff performed or tendered performance under the contract.

19. Defendant breached the contract.

20. Plaintiff was damaged because of the breach.

## FRAUD

19. Plaintiff incorporates by reference paragraphs 11-14 herein,

20. Defendant made a representation to the Plaintiff.

21. The representation was material.

22. The representation was false.

23. Defendant made the representation knowingly or recklessly

24. Defendant made the representation with the intent that the Plaintiff act on it.

25. Plaintiff relied on the representation.

26. The representation caused the Plaintiff injury.

## DAMAGES FOR PLAINTIFF, GRCDALLASHOMES, LLC

27. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, GRCDallasHomes, LLC, was caused to suffer economic losses of $8,336.51 and attorney fees.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, GRCDallasHomes, LLC, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Ryan Rouz
Ryan Rouz
Texas Bar No. 24093079
Email: ryan@rouzlaw.com
1111 S. Akard St. #405
Dallas, TX 75215
Tel. (469) 777-1451
Fax. (469) 666-9291

Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**