IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GRCDALLASHOMES, LLC, | § | CASE NO. 19-41186 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
LOCATED AT 1005 SHADY LANE, KELLER, TEXAS**

**Notice**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this pleading unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ listed in the certificate of service unless the court shortens or extends the time for filing such response. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the pleading. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice.  If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("*Trustee*") files his Motion for Authority to Sell Real Property Free and Clear of All Liens, Claims and Encumbrances Located at 1005 Shady Lane, Keller, Texas ("*Motion*") pursuant to the provisions of 11 U.S.C. §363(f) as follows:

**Facts**

1. On May 3, 2019, GRCDALLASHOMES LLC ("*Debtor*") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On November 22, 2022 (the "*Conversion Date*"), the Debtor's Chapter 11 bankruptcy case was converted to a proceeding under Chapter 7. Christopher J. Moser was thereafter appointed

as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. The bankruptcy estate owns real property and improvements located at 1005 Shady Lane, Keller, Texas (the "**House**").

4. The Trustee has received an offer from JCA Freedom Home Investors, LLC and/or its assigns ("**Buyer**") to purchase the House for $225,000.00 (the "**Purchase Price**").

5. Trustee seeks to sell the House "as is, where is" without any representations or warranties concerning the condition, use or suitability of the House. Upon information and belief, the only encumbrances on the House are those of ad valorem taxing authorities. However, pursuant to a settlement agreement approved by this Court, Ryan Rouz ("**Mr. Rouz**") is entitled to receive the first $206,000 of proceeds from the sale of the House. To facilitate this sale, Mr. Rouz has agreed to accept $190,000 as payment in full of this amount unless the court approves the sale to a buyer for more than $225,000. Should the sale close for an amount in excess of $225,000, then the Trustee and Mr. Rouz will split the upside 50/50 until Mr. Rouz has been paid the amount of $206,000.

6. The ad valorem property taxes will be paid at closing except for the pro-rata portion of the ad valorem taxes for year 2023 through the date of closing. Notwithstanding the foregoing, the ad valorem tax liens for tax year 2023 shall remain attached to the House and the sale of the House shall not be free and clear of the 2023 ad valorem tax obligations.

### Relief Requested

7. By this Motion, Trustee, pursuant to 11 U.S.C. §363(f) seeks authority to sell the House to the Buyer, or any other higher bidder, free and clear of all liens, claims and encumbrances in accordance with the terms of this Motion. This proposed sale will be subject to all higher or better offers from a qualified buyer prior to the entry of a sale order approving this Motion.

8. At closing, the Trustee seeks to pay the normal closing costs associated with the sale, including unpaid property taxes and a realtor's commission of $8,600. The Buyer will be responsible

to purchase a title policy.

9. Pursuant to Section 363(b)(1) of the Bankruptcy Code, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A sale of assets under Section 363 of the Bankruptcy Code, as implemented by Bankruptcy Rule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons. *Cadle Company v. Mims (In re Moore)*, 608 F.3d. 253, 263 (5th Cir. 2010). In reviewing a proposed use or sale of assets, a bankruptcy court should give deference to the business judgment of the trustee when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n. 2 (Bankr. E.D. Pa. 1987).

10. Pursuant to Bankruptcy Rule 6004(f)(1) sales of property outside the ordinary course of business may be by private sale or auction. Trustee believes that good cause exists to sell the House to the Buyer through the contemplated sale. This sale will enable the Trustee to maximize the value of the House in a timely and efficient manner for the benefit of the bankruptcy state and its creditors.

11. Trustee believes, in his reasonable business judgment, that the sale of the House, as set forth herein, is in the best interest of the bankruptcy estate. Based upon consultations with a realtor, the Trustee believes that the purchase price represents a fair value for the House. Thus, the Trustee believes that approval of this sale is appropriate under Sections 363(b) and (f) of the Bankruptcy Code.

12. Trustee request authorization to execute all documents necessary to consummate the closing of the proposed sale.

13. Lastly, the Trustee request that the court waive the stay imposed by bankruptcy rule 6004(h), which provides that an order authorizing the use, sale, or lease of property other than cash

collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. The Trustee seeks to promptly close the sale in order to stop the accrual of property taxes and to retain the Buyer and to maximize the value of the house. Waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h) is appropriate under the circumstances.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that pursuant to the provisions of 11 U.S.C. §363(f) this Court approve the sale of the House on the above terms and that Trustee be granted such other and further relief to which he is justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1805 (Telephone)
cmoser@qslwm.com (Email)

By:  */s/ Christopher J. Moser*
       Christopher J. Moser

ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, a true and correct copy of the foregoing document has been served via ECF notification, where available and via regular U.S. mail, postage prepaid, upon all parties on the attached mailing matrix and upon the following:

| | |
|---|---|
| John D. Caldwell<br>1500 Pine Hills Lane<br>Corinth, Texas 76201 | JCA Freedom Home Investors, LLC<br>3341 Regent Blvd., Suite 130-215<br>Irving, Texas 75063 |
| Greg Mullen<br>5206 McKinney Avenue, Suite 204<br>Dallas, Texas 75225 | */s/ Christopher J. Moser* |