IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GRCDALLASHOMES, LLC, | § | CASE NO. 19-41186 |
| | § | (Chapter 7) |
| DEBTOR | § | |

### ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY LOCATED AT 7205 GARRETT PLACE, THE COLONY, TEXAS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

On the 3rd day of September 2024 came on for hearing the Motion for Authority to Sell Real Property Free and Clear of All Liens, Claims and Encumbrances Located at 7205 Garrett Place, The Colony, Texas ("*Motion*") filed by Christopher J. Moser, Trustee ("*Trustee*"). Counsel for Trustee, counsel for John Caldwell ("*Mr. Caldwell*") and DLT House, LLC ("*DLT*") appeared at the hearing. At the hearing the Trustee advised the Court that: i) he conducted a sealed bid auction of 7205 Garrett Place, The Colony, Texas (the "*Property*"); ii) the Trustee received three (3) bids for the Property; iii) Christopher Ohlig ("*Mr. Ohlig*") was the highest bidder at the auction with a bid of $140,000.00; DLT has the second highest bidder at $136,100.00; and Mr. Caldwell was the third highest bidder at $126,100.00.  The Court, after considering the pleadings, the evidence and the statements of the Trustee, finds that proper notice of the sale and the Motion has been given, that the auction of the Property by the Trustee was conducted in good faith and from an arm's length bargaining positions, Mr. Ohlig was the highest bidder at the auction and that the sale of the Property to Mr. Ohlig for $140,000.00, as set forth herein, is an exercise of the Trustee's sound business judgment. Accordingly, the Court finds that the buyer is purchasing the Property in good faith pursuant to 11 U.S.C. §363(m) and that the Motion should be approved on the terms set forth below.

**IT IS THEREFORE,**

**ORDERED** that pursuant to the provisions of 11 U.S.C. §§363(b) and (f) the sale of the Property by the Trustee to Mr. Ohlig and/or his assigns for the amount of $140,000 shall be free and clear of all liens, claims and encumbrances, other than the ad valorem tax liens for tax year 2024. **IT IS FURTHER,**

**ORDERED** that in the event that Mr. Ohlig does not close the sale of the Property within ten (10)) days of the entry of this Order or any extension agreed upon by the Trustee, then the Trustee is authorized to sell the Property to DLT for $130,000.00. **IT IS FURTHER,**

**ORDERED** that in the event that DLT does not close the sale of the Property within ten (10) days of the entry of this Order or any extension agreed upon by the Trustee, then the Trustee is authorized to sell the Property to Mr. Caldwell for $126,100. **IT IS FURTHER,**

**ORDERED** that the sale of the Property to any of the foregoing potential buyers shall be free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §363(f), other than the 2024 ad valorem property tax liens. **IT IS FURTHER,**

**ORDERED** that at closing the Trustee is authorized to pay normal closing costs, including unpaid property taxes, a title policy and a realtor commission of 6%. **IT IS FURTHER,**

**ORDERED** that following the payment of the normal closing costs, the title company is directed to pay Pamela Freeman 44.45% of the net sale proceeds in accordance with the Agreed Judgment entered by this Court in Adversary No. 23-4026; styled Christopher J. Moser, Trustee, Plaintiff and Pamela Freeman, Defendant, pending in the U.S. Bankruptcy Court for the Eastern District of Texas, Sherman Division (ECF 561) (the "***Agreed Judgment***"). **IT IS FURTHER,**

**ORDERED** that following the payment of the normal closing costs, the title company is directed to pay the Trustee 55.55% of the net sales proceeds in accordance with the Agreed Judgment. **IT IS FURTHER,**

**ORDERED** that from the 55.55% of net sales which are paid to the Trustee, the Trustee is

authorized to pay Richard L. Bufkin 40% of this amount plus $586.54 pursuant to this Court's Order on Application for Allowance of Fees and Expenses of Trustee's Counsel entered on July 12, 2024 (ECF 565). **IT IS FURTHER,**

**ORDERED** that save and except for the ad valorem tax liens for tax year 2024, the sale of the Property shall be "as is, where is," without any representations or warranties concerning condition, use or suitability of the Property. **IT IS FURTHER,**

**ORDERED** that the Trustee is authorized to do any and all things necessary to consummate the sale of the Property. **IT IS FURTHER,**

**ORDERED** that the fourteen (14) day stay provided under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure shall not apply and the Trustee may close the sale of the Property immediately upon entry of this Order.

Signed on 09/06/2024

_Brenda T. Rhoades_    SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE