IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| GRCDALLASHOMES LLC, § | CASE NO. 19-41186 |
| § | (Chapter 7) |
| DEBTOR. § | |

**FINAL APPLICATION FOR ALLOWANCE**
**OF FEES AND EXPENSES OF TRUSTEE'S ACCOUNTANTS**

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

Lain, Faulkner & Co., P.C. ("LainFaulkner"), Accountants to Christopher J. Moser, Chapter 7 Trustee (the "Trustee"), files this *Final Application for Allowance of Fees and Expenses of Trustee's Accountants* (the "Application") and would respectfully show the Court as follows:

**I. EMPLOYMENT AND PRIOR COMPENSATION**

1. On May 3, 2019, GRCDallasHomes LLC (the "Debtor") filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. The Trustee was appointed as the chapter 7 trustee, and he continues to serve in that capacity.

**FINAL APPLICATION FOR ALLOWANCE**
**OF FEES AND EXPENSES OF TRUSTEE'S ACCOUNTANTS**                                                                Page 1

2. On August 5, 2024, the Trustee filed his *Application for Authority to Employ Accountants* (Dkt. No. 568, the "Employment Application") requesting authorization to employ LainFaulkner as his Accountants in this case. On August 23, 2024, this Court entered an order (Dkt. No. 572) granting the Employment Application and approving the employment of LainFaulkner as the Trustee's Accountants.

## II. CASE STATUS

3. The Trustee is currently holding approximately $431,000.00 in the estate. Those funds were derived from the Trustee's collection and liquidation of non-exempt assets of the Debtor's bankruptcy estate. The Trustee is not aware of any other assets to administer in this case.

4. The Trustee, with LainFaulkner's assistance, complied with the federal and state income tax filing requirements for the bankruptcy estate. LainFaulkner further provided financial analysis to enable the Trustee to fulfill his fiduciary responsibilities in this case.

## III. ACCOUNTANT'S FEES AND EXPENSES

5. From August 1, 2024 through October 9, 2024, Lainfaulkner incurred fees in the amount of $9,479.50 and expenses totaling $0.00 in its professional services as Trustee's Accountants.

6. The Trustee has reviewed and approved the compensation requested in this Application, subject to this Court's approval.

7. Exhibit "A," which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period covered by this Application: (a) the number of hours worked by each professional and staff member on a particular day; (b) the manner and type of work performed by each professional and staff member; (c) the customary billing rate for each person rendering service in this matter; (d) the monetary value assigned to each task performed

by a professional and/or staff member; and (e) the amount and description for all expenses for which LainFaulkner seeks reimbursement.

8.  All photocopies included in this Application were billed at $0.20 per page, and all other expenses were billed at the actual cost.

9.  The blended hourly rate for professional services of LainFaulkner is $437.11 per hour.

## IV.  SUMMARY OF SERVICES RENDERED

**1.  Employment/Fee Application.**  LainFaulkner prepared this final fee application.  Total Fees Requested - $27.00.

**2.  Tax Services.** LainFaulkner's work in this area has been segregated into four project codes to better track the process and document the reasonableness of the related professional fees.  A brief explanation of each project code follows:

   **a.**  Accounting Analysis for Tax Services:  Applicant reviewed and formatted Forms 2 data for the purpose of preparing the 2023 and 2024-FINAL Forms 1041.  Total Fees Requested - $2,075.00.

   **b**.  Federal Income Tax Return:  Applicant prepared Federal Forms 1120 for the 2023 and 2024-FINAL tax returns.  Total Fees Requested - $6,919.00.

   **c.**  Other Tax Services:  Applicant met with staff to discuss tax return preparation and basis of homes sold and timing of same.  Total Fees Requested - $458.50.

## V.  FIRST COLONIAL FACTORS

10.  In support of this request for allowance of compensation and reimbursement of expenses, LainFaulkner respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a debtor's estate, as enumerated in section 330 of the Bankruptcy Code and developed by case law. Specifically, section 330 provides, *inter alia,* that the allowance of professional compensation should be based upon the time, nature, extent and value of

the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *Matter of First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977). In *First Colonial,* the Fifth Circuit identified twelve (12) factors which should govern this Court's decision. Those factors as applied to the services rendered in this case by LainFaulkner are addressed below.

(a)     <u>The Time and Labor Required</u>. LainFaulkner respectfully refers the Court's attention to <u>Exhibit "A"</u> which details the involvement of LainFaulkner's professionals in this case. The period covered by this Application spans approximately two months during which a total of 30.90 hours of professional and staff time has been expended. LainFaulkner believes that all of the services performed are compensable in that they represent actual and necessary services performed in this case.

(b)     <u>The Novelty and Difficulty of the Questions</u>. The issues LainFaulkner encountered serving as Accountants to the Trustee have been of a complex and specialized nature, requiring advanced skills and knowledge in bankruptcy accounting, tax reporting and financial analysis, in order to obtain results useful to the Trustee and beneficial to the estate.

(c)     <u>The Skill Requisite to Perform the Service</u>. LainFaulkner's firm has members, including those who have performed services on behalf of the Trustee, who are specialized in various facets of financial analysis, bankruptcy accounting and tax reporting. Due to their expertise and skill in these specialized areas, LainFaulkner believes far more time would have been expended by less experienced personnel, with considerably less desirable results. The array of accounting, financial analysis and specialized reporting considerations presented in this proceeding and the prompt and skillful action taken with regard to such problems by LainFaulkner required a very high degree of expertise and

experience. LainFaulkner's ability in this area is well known and enable it to represent debtor and the Trustee effectively and efficiently in bankruptcy proceedings such as the instant one.

      (d)    <u>The Preclusion of Other Employment Due to Acceptance of the Case</u>. LainFaulkner does not believe that this is or should be a significant factor in the consideration of this Application.

      (e)    <u>The Customary Fee</u>. The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Eastern District of Texas. The hourly rate charged by the professionals and staff members of LainFaulkner who worked on this case is as follows:

    (i)    Keith Enger, CPA ($450.00 per hour) has over 40 years of experience in the public practice of tax and financial reporting.

    (ii)    Dean Bielitz, CPA/Director ($440.00 per hour) has over 30 years of experience in the preparation of Corporate, Partnership, MLP, Individual, S-Corporate and Trust tax returns.

    (iii)    Ben Beckelman, CPA/Manager ($325.00 per hour) has over 30 years of experience in providing accounting, consulting and tax services.

    (iv)    Laura Paz-Sanchez, Staff Accountant ($250.00 per hour) has over 10 years of experience in assisting with the preparation of all federal and state tax reporting.

    (v)    Brenda Puente, Staff Accountant ($195.00 per hour) has over five years of accounting experience in bookkeeping, payroll and personal/corporate taxes.

    (vi)    Janice Oden, Administrative Assistant ($135.00 per hour) has over 25 years of experience as an administrative assistant, supporting the firm's directors in all areas of bankruptcy and litigation.

      (f)    <u>Whether the Fee is Fixed or Contingent</u>. LainFaulkner's fee in this proceeding is fixed at its standard hourly rates and is not contingent upon results achieved or the ultimate availability of funds for the payment of said fees from the Bankruptcy Estate.

LainFaulkner, however, concedes that fees in bankruptcy cases, and more especially in cases such as this, are contingent on success of the case as well as being subject to scrutiny by this Court.

(g) <u>Time Limitations Imposed by the Client or Other Circumstances</u>. LainFaulkner believes that its role in this case has, to date, been handled in an expeditious manner, given the factual circumstances involved and the complex issues confronted. LainFaulkner further believes that no undue delays have occurred and that it has proceeded expeditiously and efficiently to the benefit of the Trustee, the creditors and all other parties-in-interest.

(h) <u>The Amount Involved and the Results Obtained</u>. LainFaulkner's work and effort in assisting the Trustee in this case has been both necessary and beneficial to the Estate and administration of the case. LainFaulkner's efforts and associated benefits to the Estate include assisting the Trustee in complying with federal and state income tax filing requirements for the Bankruptcy Estate and providing further financial analysis to enable the Trustee to fulfill his fiduciary responsibilities in this case.

(i) <u>The Experience, Reputation and Ability of the Accountants</u>. LainFaulkner submits that its accountants and other staff personnel are respected for their ability in accounting and financial consulting services, particularly in regard to bankruptcy situations. LainFaulkner has been retained by numerous debtors-in-possession, trustees, secured creditors and creditors' committees in various Chapter 11 and Chapter 7 proceedings and has received favorable comments from the Courts and other parties-in-interest.

(j) <u>The Undesirability of the Case</u>. LainFaulkner does not believe that this is or should be a significant factor in the consideration of this Application. Indeed,

LainFaulkner does not believe that this case was undesirable.

(k) <u>The Nature and Length of the Professional Relationship with the Client</u>. Prior to LainFaulkner's engagement by the Trustee in August 2024, LainFaulkner had not performed services for the Debtor or any related entities. LainFaulkner has performed accounting services in numerous other bankruptcies, some of which also involved certain creditors and attorneys involved in this case.

(l) <u>Award in Similar Cases</u>. LainFaulkner believes that the fees requested in this case are less than or equal to those that have been awarded in similar cases pending in this District.

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, LainFaulkner requests that this Court enter an order approving LainFaulkner's compensation of $9,479.50 for fees and $0.00 for expenses for the period of time from August 1, 2024 through October 9, 2024, and granting LainFaulkner such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1805 (Telephone)
cmoser@qslwm.com (Email)

By: */s/Christopher J. Moser*
    Christopher J. Moser
    State Bar No. 14572500

ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on October 14, 2024 by ECF upon all persons who have filed ECF appearances in this case, including the Office of the United States Trustee.

    */s/ Christopher J. Moser*